IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS AMPARAN RODRIGUEZ,

    Petitioner,                    No. 2:12-cv-2260 TLN GGH P

    vs.

C. GIPSON, Warden,

    Respondent.                  <u>ORDER</u>

_____/

        On November 16, 2012, respondent filed a motion to dismiss based on failure to exhaust one of four claims. When petitioner did not oppose the motion, he was ordered to show cause on March 7, 2013 for his failure to oppose the motion. Petitioner filed a response to the order to show cause on April 11, 2013, which he labels an opposition, but it contains no argument addressing the merits of respondent's motion. The response is difficult to decipher but appears to state that he sent an opposition to the court for filing on August 20, September 6, and September 25, 2012. All of these dates were prior to the filing of respondent's motion. Petitioner states that he "has no further copies of the drafted petitioner's motion to the Court of the submitted respon[s]e for delay pleadings declaration in support of further motion...."

        Petitioner does not appear to understand the instructions in the order to show cause. Therefore he will be granted one final opportunity to file an opposition to respondent's

motion which seeks to either dismiss the entire petition as a mixed petition or require petitioner to delete the fourth claim as unexhausted. If petitioner has no copies of the opposition he claims he previously sent to the court, he will need to re-draft an opposition.

The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1).

A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986). A state court has had an opportunity to rule on the merits of a claim when the petitioner has fairly presented that claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995).

Because this is a mixed petition, petitioner may proceed in one of two ways when he files his opposition. He may eliminate the fourth claim as unexhausted and proceed on the exhausted Claims One through Three only. Or, petitioner may file a motion to stay this action

pending exhaustion of the unexhausted fourth claim.[1]

In Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005) the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. Rhines, supra, at 277-78, 125 S.Ct at 1535.

If petitioner wishes to stay this action, he shall file a motion addressing the Rhines factors. In the alternative, petitioner may proceed with a stay request as outlined in King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) citing Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). In King, the Ninth Circuit held that in addition to the stay procedure authorized in Rhines, district courts also have discretion to permit petitioners to follow the three-step stay-and-abeyance procedure approved in Calderon v. U.S. Dist. Ct. (Taylor), 134 F.3d 981, 986 (9th Cir. 1998) and Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Pursuant to the King procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition. Kelly, 315 F.3d at 1070-71. The King stay-and-abeyance procedure has no requirement of a good cause showing or that the claims are potentially meritorious. However, no statute of limitations protection is imparted by such a stay, nor are exhausted claims adjudicated during the pendency of such a stay.

/////

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

1    In the alternative, petitioner may file an amended petition in this court raising only
2 exhausted claims. If petitioner chooses the second method, however, the court cautions that he
3 will risk forfeiting consideration of the unexhausted claims in this or any other federal court. See
4 McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules
5 Governing Section 2254 Cases.
6    IT IS HEREBY ORDERED that: Petitioner shall file an opposition to
7 respondent's November 16, 2012 motion to dismiss within thirty days of this order. Petitioner is
8 cautioned that failure to respond to the instant order, or to file an opposition to the pending
9 motion to dismiss, may result in a recommendation that this action be dismissed.
10 DATED: June 19, 2013

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/Rodr2260.osc2.wpd